**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:11 CR 515** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Silas M. Goodson,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Withdraw Guilty Plea (Doc. 15). For the following reasons, the motion is DENIED.

### Facts

Defendant Silas Goodson was indicted in November 2011 on one count of being a Felon in Possession of a Firearm and Ammunition. On February 10, 2012, defendant filed a motion to suppress evidence including the firearm, ammunition, and his statement to the arresting police officers that he was aware there was a gun in the car. Prior to a ruling on that motion, defendant indicated that he wished to withdraw his formerly entered plea of not guilty

1

and enter a plea of guilty to the single count indictment. A change of plea hearing was held on February 28, 2012, wherein defendant stated that he understood the charge against him and entered his plea of guilty. A transcript of the plea proceedings was prepared, and a sentencing date was set for May 24, 2012. On May 1, 2012, defendant moved to withdraw the guilty plea.

### **Discussion**

A defendant seeking to withdraw his guilty plea must "show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). In the Sixth Circuit, it is well-established that this Court must balance a non-exhaustive list of seven factors in determining whether the "fair and just" requirement has been met:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*U.S. v. Matthews,* 2012 WL 1434891 (6th Cir. April 26, 2012) (citing *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir.1994)). The rule allowing guilty pleas to be withdrawn is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Goddard,* 638 F.3d 490, 493–94 (6th Cir. 2011) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir.1991)).

Supported by his own affidavit, defendant cites "two major reasons" as to why he

2

should be permitted to withdraw his guilty plea. First, defendant claims that he believed that the mere fact that the gun was "right at his side- in the center console" when he was stopped, seemingly proved his possession, but he did not consider that the government must prove that he knowingly possessed the firearm.  He appears to assert that his previous criminal record would lessen his credibility should he have testified.  Second, defendant contends that he had a subsequent encounter with the same two arresting officers on April 17, 2012, wherein the officers asked him, "How's your case going?" and told him that he "should have gotten a better lawyer."  (Doc. 15 at Ex. 1)

For the following reasons, the Court finds that after balancing the above factors, defendant has not shown a fair and just reason for requesting the withdrawal.

Slightly more than two months (62 days) have elapsed between the plea and the motion to withdraw it.  This factor does not weigh in defendant's favor as the Sixth Circuit has indicated that a delay of 67 days was "extensive" and supported a denial of a motion to withdraw. *U.S. v. Baez,* 87 F.3d 805 (6th Cir. 1996).  *See also United States v. Goldberg,* 862 F.2d 101 (6th Cir. 1988) (the court referred to the "lengthy" period of 55 days in affirming the denial of the motion).

Defendant does not offer a valid reason for the failure to move for withdrawal earlier in the proceedings.  His two bases, discussed above, for attempting to withdraw the plea do not constitute a valid reason for failing to move earlier.  Defendant is represented by an experienced criminal defense attorney and his Plea Agreement makes clear that defendant discussed with his attorney prior to the plea the nature of the charges and the elements of the offenses the government would have to prove at trial.  (Doc. 14) Defendant's averments

3

regarding the most recent statements made by the police officers do not excuse the delay and are irrelevant.

Defendant does not maintain his innocence as to his possession of the firearm, but at most asserts that he "was never guilty under the law." Defendant has not carried his burden on this factor considering his testimony during the change of plea proceedings that he understood the nature of the charged crime, the elements of the offense, and the burden of proof.

Nor do the circumstances underlying the entry of the guilty plea weigh in defendant's favor. There is no evidence that the plea was "hastily entered." Rather, it was made more than three months after he was indicted. Defendant previously requested and was granted an extension of the trial date while acknowledging that the government had been forthcoming with discovery. His counsel prepared a motion to suppress which raised the argument of unconstitutional conduct by the police officers. The transcript of the plea proceedings and the agreement itself make clear that defendant discussed the case with his attorney and understood the nature of the charges as well as his constitutional rights involved. Defendant testified that he reviewed the plea agreement with his attorney.

Although defendant does not address his nature and background and the degree to which he has had prior experience with the criminal justice system, the Court agrees with the government, for the reasons stated in its brief, that defendant has not carried his burden as to these factors.

Finally, while defendant does not address the potential prejudice to the government if the motion to withdraw is granted, this factor does not support his request given that

defendant has not offered persuasive reasons for withdrawing the plea and the government points out that there is always prejudice to it where a defendant is permitted to "restart" the process.

**Conclusion**

For the foregoing reasons, defendant's Motion to Withdraw Guilty Plea is denied.

IT IS SO ORDERED.

                                               /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              United States District Judge

Dated: 5/23/12